NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

MARION JEFFERSON, PETITIONER, v. KARASON COMPANY, RESPONDENT.

Decided July 19, 1940.

For the petitioner, *Charles M. Grosman.*

For the respondent, *Walter W. Hubley, Jr.*

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

From the stipulations entered into, the issue in this case was agreed to be as to whether or not the decedent's death was either directly or indirectly the result of his accident while working for the respondent on November 8th, 1938.

The petitioner was called and testified in her own behalf. She testified as to her observation of the decedent and as to the events with which she was familiar prior to his death on November 30th, 1938. The petitioner also called, as medical witnesses in this case, Dr. Lewis, Dr. Kummel and Dr. Rose. All of these doctors testified that the decedent died as the result of peritonitis following an attack of acute appendicitis, which was operated upon and the appendix removed, said operation being performed on November 24th, 1938, and also associated with the decedent's death was an attack of broncho pneumonia.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

After a careful consideration of all of the testimony presented in this case, and all stipulations and exhibits in this case, this court is satisfied that the petitioner has failed to sustain the burden of proof placed upon her by law. It is

elementary that in a case of this nature the burden of proof rests with the petitioner to prove that the death of the decedent came as a result, either directly or indirectly, of an accident arising out of and in the course of the decedent's employment. It is not in dispute in this case that the decedent met with an accident arising out of and in the course of his employment on November 8th, 1938. This accident, from the best evidence, appears to have been sustained by the decedent while driving a truck for his employer. It also appears from the evidence that the injury resultant from this accident was to the decedent's back. The decedent was confined to the Newark Beth Israel Hospital, and X-rays were taken which indicated a possible fracture of the fifth lumbar vertebrae. A cast was applied to the decedent's body and after remaining in the hospital for a short period of time the decedent went home, where he was seen by the attending physician. He was also seen by the attending physician at the physician's office. It appears from the testimony that on November 23d, 1938, the decedent was seized with acute abdominal pains and after getting in touch with the attending physician by telephone he reported to the doctor's office and was removed from there to the Newark Beth Israel Hospital. His condition was diagnosed as acute appendicitis and an operation was performed early the following morning, following which operation the decedent died a few days later. The doctors called on behalf of the petitioner did not appear to be in any accord as to the cause of the decedent's death. Dr. Lewis testified that, in his opinion, the appendicitis condition and the decedent's death following same, was in nowise related to the accident in this case, but that, in his opinion, the treatment rendered for the injuries sustained in the accident in this case, to wit, the application of a body cast, interfered with an accurate diagnosis of the decedent's abdominal condition and that as a result of this alleged failure of diagnosis the decedent died. Dr. Kummel, on the other hand, was of the opinion that the decedent's death resulted indirectly from complications brought about by the accident in this case. Dr. Rose was of the opinion that the decedent's death was indirectly due to the accident in this case, having in mind

some possible direct trauma to the abdominal region, or complications set up by the injuries sustained in the accident. The respondent's witnesses were in accord that the decedent's death was in nowise connected with the accident in this case. Dr. Bernadelli testified that as a result of the autopsy it was disclosed that the decedent had not sustained any fracture of any of the lumbar vertebrae. This doctor also testified that, as a result of his autopsy, he could find no connection with decedent's death and the injuries received as a result of the accident of November 8th, 1938.

As hereinbefore stated this court is satisfied that the petitioner did not sustain the burden of proving her case. It does not appear to this court that the injuries sustained by the decedent as a result of the accident of November 8th, 1938, were of such severity or to such part of the body that any connection with same could be traced to the decedent's death following an operation for an attack of acute appendicitis. As a matter of fact this court is inclined to agree with that portion of the testimony of Dr. Lewis, called on behalf of the petitioner, in which he stated that, in his opinion, the injuries sustained by the decedent as a result of the accident on November 8th, 1938, played no part whatsoever, either directly or indirectly, with the decedent's death. This court cannot agree that there is any basis for the doctor's opinion that the treatment for said injuries prevented a proper diagnosis being made. The attending physician testified that he had observed the decedent and talked with the decedent during his afternoon office hours of November 23d, 1938, at which time the decedent made no complaint of his abdominal region; did not appear to be in any distress; and indicated that his condition was progressing satisfactorily. Later during the same day when the acute attack was had by the decedent the attending physician was immediately called and within a reasonably short time a complete examination and diagnosis was had and an operation was performed about five hours after the onset of the attack. This does certainly not indicate to this court that the decedent's condition went unrecognized as a result of the treatment being followed for the injuries sustained in the accident of November 8th, 1938.

This court feels that the death of the decedent did not result, either directly or indirectly, in any way from the accident in this case and the injuries connected therewith.

It is * * * ordered that the petition of the petitioner be dismissed.

JOHN C. WEGNER,
*Deputy Commissioner.*